UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                      )
CAPITAL VENTURES INTERNATIONAL,   )   No. C02-0682L
                                                      )
                    Plaintiff,                      )
                                                      )   ORDER REGARDING PRODUCTION
         v.                                          )   OF UNCONVERTED ELECTRONIC
                                                      )   DOCUMENTS
NETWORK COMMERCE, INC., *et al.*,   )
                                                      )
                    Defendants.                  )
_____)

This matter comes before the Court *sua sponte*. On April 26, 2005, the Court entered a discovery order which provided, in part, that "[i]f defendants have not yet uploaded and incorporated all of the electronic documents into a usable format, they shall, within two days of the date of this Order, provide a declaration of counsel to that effect and identify the date by which they expect to have completed the conversion . . . ." Order Granting Plaintiff's Motion to Compel Initial Disclosures and Responses to Discovery Requests at 13. Defense counsel has filed a statement indicating that defendants have not made any progress converting the remaining 30% of their electronic documents and do not intend to do so: defendants would prefer to provide "native data" to plaintiff, which could then process that data, or not, as it sees fit. This proposal is remarkably similar to that made by plaintiff at the beginning of this discovery dispute, with the exception that defendants want to provide plaintiff with copies of the relevant servers and hard drives (for a small fee) rather than turning over the hardware itself.

ORDER REGARDING PRODUCTION OF
UNCONVERTED ELECTRONIC DOCUMENTS

Having reviewed defendants' proposal and the remainder of the record regarding plaintiff's underlying motion to compel, the Court finds as follows:

(1) Contrary to defendants' assertion, the Court did address whether the general costs of processing the data from servers and hard drives should be shifted to plaintiff. They should not. Plaintiff shall pay for their own copies of documents, servers, and/or hard drives produced by defendants: it need not pay "any costs associated with uploading or incorporating documents into the Concordance database." Order of 4/26/05 at 13 (emphasis added). The fact that defendants have now replaced the word "uploading" with "processing" does not change the allocation of costs established by the Court.

(2) Within 2 days of the entry of this Order, defendants shall make available to plaintiff's counsel or their agent the servers and hard drives on which the remaining 30% of the electronic data is found, along with an electronic and hard copy of any related indices. All objections, with the exception of those based on the attorney/client privilege, are waived. Plaintiff's electronic discovery expert shall have 90 days from the date of production to copy any or all of the data in the servers and hard drives, after which the servers and hard drives shall be returned to defendants' counsel. Plaintiff shall bear the costs of copying the electronic data. Twenty days before any anticipated disclosure, plaintiff shall provide written notice to defendants regarding any document originating from this production that plaintiff intends to disclosure to any person or entity other than plaintiff's counsel, plaintiff's electronic discovery expert, or plaintiff's documents vendor. A copy of each document plaintiff intends to disclose shall be attached to the notice. Plaintiff shall bear the costs of providing this notice and copy.

(3) Production of the electronic documents described in paragraph (2) is compelled and involuntary. The Court expressly finds that such production is a sanction imposed by the Court and does not constitute a waiver of the attorney-client privilege. Any privileged material made available to plaintiff or its agents shall retain its privileged status and shall not be disclosed to

1  any person or entity other than plaintiff's counsel and their agents.  Upon receiving notice that
2  plaintiff intends to disclose one or more documents produced pursuant to this Order, defendants
3  shall thereafter have twenty days in which to identify documents in the set over which
4  defendants claim privilege.  Upon receipt of a privilege log regarding the documents over which
5  defendants assert privilege, plaintiff's counsel shall promptly delete all electronic copies and
6  destroy all hard copies of the identified documents in their possession or, within ten days of said
7  notice, file a motion with this Court challenging the assertion of privilege.  If defendants do not
8  assert the privilege within the twenty-day period, plaintiff's counsel may, consistent with any
9  applicable protective order, disclose to any person or entity the documents not identified as
10 privileged.

        DATED this 2nd day of May, 2005.


                                    _____
                                    Robert S. Lasnik
                                    United States District Judge