UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
CAPITAL VENTURES INTERNATIONAL,                 )   No. C02-0682L
                                                )
                   Plaintiff,                              )
                                                )   ORDER GRANTING PLAINTIFF'S
         v.                                         )   MOTION TO AMEND COMPLAINT
                                                )
NETWORK COMMERCE, INC., *et al.*,               )
                                                )
                  Defendants.                            )
_____)

        This matter comes before the Court on plaintiff's "Motion for Leave to File Amended Complaint (Adding Claims Under Washington State Securities Act)." Dkt. # 141. Plaintiff seeks to file a Third Amended Complaint containing additional factual allegations and two new claims under the Washington State Securities Act ("WSSA"). Leave to amend "shall be freely given when justice so requires." There is, therefore, a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

        Defendants argue that the proposed amendment would be futile because the WSSA claims are barred by a previous settlement between the parties, is untimely, and would cause

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND COMPLAINT

prejudice.[1] Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds that the WSSA claims do not appear to be futile on the current record. Defendants' attack on the viability of plaintiff's state securities claim raises contract interpretation and/or factual issues that cannot be resolved in the context of this motion to amend. The Court also finds that plaintiff's unexplained delay in asserting its WSSA claims has not prejudiced defendants. <u>Bowles v. Reade</u>, 198 F.3d 752, 758 (9th Cir. 1999) (undue delay be itself is insufficient to justify denying a motion to amend). Defendants' vague assertions that they and their insurers would have acted differently had they known a WSSA claim would be raised does not establish prejudice: the Court is left to guess what defendants would have done differently or why they could not take necessary actions at this point in the litigation. Nor does the fact that defendants will have to respond to a new claim give rise to prejudice in the context of Rule 15: motions to amend generally involve the assertion of new claims and are permitted as long as defendants have a fair opportunity to respond. Such is the case here.

For all of the foregoing reasons, plaintiff's motion to amend its complaint is GRANTED. Plaintiff shall file and serve within ten days of the date of this Order a signed amended complaint substantially in the form of Appendix A to its motion.

DATED this 10th day of January, 2006.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Defendants do not object to the additional factual allegations contained in the proposed amended complaint.

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND COMPLAINT               -2-