UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
CAPITAL VENTURES INTERNATIONAL, ) No. C02-0682L
)
          Plaintiff, )
) ORDER GRANTING IN PART
    v. ) DEFENDANTS' MOTION TO
) DISMISS THE THIRD AMENDED
NETWORK COMMERCE, INC., *et al.*, ) COMPLAINT
)
          Defendants. )
_____)

This matter comes before the Court on "Defendants' Motion to Dismiss Third Amended Complaint" pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. # 158. Defendants point out that many of the claims asserted in the Third Amended Complaint were dismissed with prejudice and without leave to amend in January 2004 and they seek a reaffirmation of that dismissal. Defendants also seek dismissal of plaintiff's claims under the control person liability provision of the Washington State Securities Act ("WSSA"), RCW 21.20.430(3) on the ground that the Court has already dismissed a similar claim under section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(t)(a).

Having reviewed the memoranda submitted by the parties, the Third Amended Complaint, and the remainder of the record, the Court finds as follows:

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT

**PREVIOUSLY DISMISSED CLAIMS**

Most of plaintiff's section 10(b) claims were dismissed because plaintiff was unable to meet the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78u-4 and 78u-5. Congress enacted the PSLRA in large part because it was concerned that securities plaintiffs were filing suit based on nothing more than (1) speculation that the company "must have" engaged in foul play and (2) the faint hope that the liberal rules of discovery would turn up some supporting evidence. See Joint Explanatory Statement to the PSLRA, H.R. CONF. REP. NO. 104-369 (1995), *reprinted in* 1995 U.S.C.C.N. 730. The legislature, with some interpretive clarification from the Ninth Circuit, has made it very difficult for private securities litigants to survive a motion to dismiss unless they possess, at the time of filing, evidence that defendants had knowledge of, or were deliberately reckless regarding, the falsity of public statements at the time they were made. In re Silicon Graphics Inc. Securities Litig., 183 F.3d 970, 975-88 (9th Cir. 1999).

Plaintiff was twice given the opportunity to satisfy the pleading requirements of the PSLRA and to state a claim for which relief could be granted under section 20(a). For the most part, plaintiff was unable to do so. The Court granted partial summary judgment in favor of defendants and specifically found that further amendments would be futile. Allowing plaintiff to reopen claims that had been dismissed with prejudice and without leave to amend based on new evidence obtained during discovery would be an end run around the PSLRA's pleading requirement and this Court's prior orders. The fact that plaintiff has even attempted to relitigate the dismissed claims is remarkable given the representations it made during the amendment process. After conducting discovery on its remaining claims, plaintiff sought leave "to amend its complaint to include additional facts obtained to date about its pending claims, and to add two additional claims based upon the facts . . . ." Motion to Amend at 2 (Dkt. # 141)

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT            -2-

(emphasis added). There was no indication that plaintiff intended to use the new factual allegations to bolster claims that had already been dismissed. In fact, plaintiff acknowledged that Counts I, II, and III of the proposed Third Amended Complaint remained subject to the Court's January 15, 2004, Order dismissing large portions of those claims and affirmatively represented that its motion to amend was "not an attempt to relitigate the issues addressed by the Court in that Order." Motion at 4 n. 2 (Dkt. # 141). Both defendants and the Court accepted plaintiff's representation and the motion to amend was granted. Had plaintiff even hinted that it might try to use the new factual allegations to support the dismissed claims, the outcome of the motion to amend would likely have been different. Plaintiff may not ignore its prior statements when they become less convenient, especially where those statements were relied upon by opposing parties and the Court in resolving pending motions.

**CONTROL PERSON LIABILITY UNDER WSSA**

Defendants seek dismissal of Count V of the Third Amended Complaint to the extent it seeks to hold defendants Walker and/or Koslow liable as "control persons" under the first clause of RCW 21.20.430(3). The parties agree that the meaning of "control person" is the same under both the WSSA and section 20(a) of the Exchange Act. Defendants therefore argue that the Court's dismissal with prejudice of plaintiff's section 20(a) claim should govern the outcome of this related state law claim.[1]

Plaintiff has added factual allegations to the Third Amended Complaint and argues that these new allegations are sufficient to establish its "control person" claim against Koslow.

---

[1] In their reply, defendants concede that the Court's prior "control person" analysis does not affect the validity of Count V to the extent plaintiff is asserting claims against the individual defendants as officers or directors (second clause of RCW 21.20.430(3)) or as participating employees (third clause of RCW 21.20.430(3)).

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT           -3-

Opposition at 8 (Dkt. # 161).[2]  "Control" under both section 20(a) and RCW 21.20.430(3) requires "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." Howard v. Everex Sys., Inc., 228 F.3d 1057, 1065 n.9 (9th Cir. 2000) (quoting 17 C.F.R. § 230.405).  "Control" must be determined by evaluating the day-to-day affairs of the corporation as a whole, not the particular transaction at issue in the litigation. Paracor Finance, Inc. v. General Elec. Capital Corp., 96 F.3d 1151, 1162 (9th Cir. 1996); Kaplan v. Rose, 49 F.3d 1363, 1382 (9th Cir. 1994).

        The Court has previously found that plaintiff's general allegations that Koslow had and exercised "power and influence" over NCI's conduct and had "direct involvement in or intimate knowledge of the day-to-day operations of NCI . . ." were insufficient to establish control person liability.  Third Amended Complaint at ¶¶ 7 and 169.  Plaintiff argues that its "substantial new allegations" at paragraphs 32-35 of the Third Amended Complaint remedy the deficiencies identified by the Court and justify a different result as to the WSSA claim. Defendants do not acknowledge, much less address, the new factual allegations regarding Koslow's participation in company meetings during which management decisions and policies were made.  Plaintiff's Third Amended Complaint contains information regarding Koslow's involvement in day-to-day activities and his ability to influence corporate management and activities: it therefore raises a reasonable inference of control under the WSSA.

---

[2] In its prior orders, the Court refrained from evaluating Walker's liability as a "control person" because he was personally involved in the failure to disclose his claims against Network Commerce, Inc. ("NCI").  Any liability Walker may have as a control person under section 20(a) or the WSSA is duplicative of his potential liability as a participant in the misstatements and sale of securities.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT  -4-

For all of the foregoing reasons, defendants' motion to dismiss is GRANTED in part and DENIED in part. The following claims have been, and remain, dismissed:

-- Section 10(b) claim that defendant Koslow knew of, but intentionally failed to disclose, the existence of Walker's claim for almost $4 million;
-- Section 10(b) claim against all defendants with respect to the headcount reduction;
-- Section 10(b) claim against all defendants with respect to the insider loans;
-- Section 20(a) claim against Koslow; and
-- Fraudulent inducement claim against defendant Koslow with respect to the failure to disclose Walker's claims against NCI;

The following claims may proceed:

-- Section 10(b) claim against NCI and Walker with respect to the failure to disclose Walker's claims;
-- Fraudulent inducement claims against NCI and Walker with regards to the headcount reduction, the Mall.com suit, and Walker's claims;
-- Fraudulent inducement claims against Koslow with regards to the headcount reduction; and
-- WSSA claims against all defendants as stated in Counts IV and V of the Third Amended Complaint.

DATED this 16th day of March, 2006.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT            -5-