UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAPITAL VENTURES INTERNATIONAL,<br><br>    Plaintiff,<br><br>  v.<br><br>NETWORK COMMERCE, INC., *et al.*,<br><br>    Defendants. | No. C02-0682L<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM DEPOSITION LIMITS AND DISCOVERY DEADLINE |

This matter comes before the Court on plaintiff's "Motion for Relief From Deposition Limit of Fed. R. Civ. P. 30(a)(2)(A), 30(d)(2) and for Brief, Limited Extension of Discovery Deadline." Dkt. # 178. The parties have reached an agreement regarding two of plaintiff's requests for relief, leaving only the issue of whether plaintiff should be permitted to conduct "up to 19 depositions in this matter (experts excluded)." Motion at 1. Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows:

(1) The Court has not previously ruled on plaintiff's request for relief from the ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2). Although plaintiff raised the issue in the Amended Joint Status Report and Discovery Plan filed on September 17, 2004, the Court used that report to craft a case management schedule for this matter, not as a surrogate for a proper discovery motion. The number of depositions that could be taken by plaintiff was not addressed

in the Order Setting Trial Date & Related Dates and plaintiff is therefore permitted to file a motion to obtain the Court's ruling thereon.[1]

(2) The ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) is not absolute and plaintiff has shown that relief from that limit is consistent with the principles set forth in Fed. R. Civ. P. 26(b)(2). Defendants make no effort to show that allowing the depositions of Joe Arciniega, Michael Axtman, Scott Burrell, Randy Cerf, Charlie Dent, Stellman Keehnel, Alan Koslow, David Lonsdale, Roger Mellem, Othniel Palomino, Anne Marie Savage, Elise Spenser, Dwayne Walker, or Joan Wright would be unreasonably cumulative, unduly burdensome, irrelevant, or otherwise unnecessary. Each of these witnesses held high-level positions within Network Commerce during the relevant time frame and/or possesses information regarding defendants' defenses. Plaintiff shall, therefore, be permitted to depose these fourteen witnesses.

(3) Plaintiff's open-ended request to depose an additional five witnesses is not adequately supported. In the absence of any information regarding the proposed deponents,[2] it is impossible to determine whether their depositions would be consistent with the principles set forth in Fed. R. Civ. P. 26(b)(2). Defendants' footnote request that they be permitted to take as many depositions as is plaintiff (Opposition at 4 n.1) fails for the same reason. Should the need to depose additional persons arise, either party may file another motion for relief pursuant to the revised case management schedule set forth below.

(4) The bald assertions regarding counsels' actions in contacting third-party witnesses are not supported with admissible evidence. Both motions to strike are therefore GRANTED.

---

[1] Even if the Court had already ruled on a motion for relief from the Fed. R. Civ. P. 30(a)(2)(A) limit, it would not be unreasonable for plaintiff to make a second motion if changed circumstances during this protracted litigation supported such an application.

[2] Although plaintiff has now identified Jaime Lanegraff as one of the five potential deponents, that information was provided in its reply memorandum, to which defendants had no opportunity to respond.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR RELIEF FROM DEPOSITION
LIMITS AND DISCOVERY DEADLINE            -2-

For all of the foregoing reasons and in light of the agreement of the parties, it is hereby ORDERED that:

- Defendant Koslow's deposition may continue for up to nine hours of examination on March 31, 2006;
- Defendant Walker's deposition may continue for up to seven hours of examination on April 11, 2006, and up to two additional hours on April 12, 2006;
- The discovery deadline for conducting depositions of fact witnesses is extended to May 10, 2006, provided that any such depositions must be noted on or before April 14, 2006;
- The discovery deadline for conducting depositions of expert witnesses is extended to May 15, 2006;
- All motions related to discovery (whether fact or expert) shall be noted for consideration no later than May 5, 2006, pursuant to Local Civil Rule 7(d)(3) or 37(a)(2)(B);
- All case management deadlines not specifically altered in this order shall remain as set forth in the Order Setting Trial Date & Related Dates of December 6, 2005;
- Plaintiff may proceed with the depositions of Joe Arciniega, Michael Axtman, Scott Burrell, Randy Cerf, Charlie Dent, Stellman Keehnel, Alan Koslow, David Lonsdale, Roger Mellem, Othniel Palomino, Anne Marie Savage, Elise Spenser, Dwayne Walker, and Joan Wright;
- Neither plaintiff nor defendants has shown that any other depositions are appropriate under the discovery rules; and
- The Court has not considered the unsupported assertions of fact found in paragraph 3 of plaintiff's reply memorandum and in defendants' surreply at 2:20-25.

1      DATED this 4th day of April, 2006.

2

3                                          */s/ Robert S. Lasnik*

4                                          Robert S. Lasnik
                                           United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR RELIEF FROM DEPOSITION
LIMITS AND DISCOVERY DEADLINE      -4-