UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
CAPITAL VENTURES INTERNATIONAL,         )   No. C02-0682RSL
                                        )
            Plaintiff,                  )
                                        )   ORDER DENYING PLAINTIFF'S
        v.                              )   MOTION FOR PROTECTIVE ORDER
                                        )   REGARDING DEPOSITIONS OF
NETWORK COMMERCE, INC., *et al.*,       )   RULE 30(b)(6) WITNESSES
                                        )
            Defendants.                 )
_____)

This matter comes before the Court on "Plaintiff's Motion for Protective Order Regarding Multiple Depositions of Fed. R. Civ. P. 30(b)(6) Designees." Dkt. # 205. Although plaintiff recognizes that a person may be deposed once as an individual and once as a Rule 30(b)(6) designee, it argues that "under the circumstances here, where the individuals were identified, offered, and deposed on all of the 30(b)(6) subjects, what defendants are trying to do is work an end run around Fed. R. Civ. P. 30(a)(2)(B)." Reply at 4. Plaintiff makes no attempt to explain or justify this argument. The deposition of an individual is designed to ascertain that individual's personal knowledge regarding the relevant events. When that same person is designated to testify on behalf of the corporation, however, the witness is speaking for the corporation and may be required to testify regarding matters not within his or her personal knowledge if such matters are known by the corporate entity. A 30(b)(6) deposition is not, in substance, a second deposition of an individual that would trigger Fed. R. Civ. P. 30(a)(2)(B):

ORDER DENYING PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER

the true deponent is the corporation with the individual acting as a mouthpiece. Plaintiff's "two bites at the apple" argument is unpersuasive.

A party responding to a Rule 30(b)(6) notice of deposition may "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Although the breadth of a Rule 30(b)(6) notice may require more than one designee to address the myriad topics identified, plaintiff's designation of multiple speaking agents for a single topic is improper and unworkable. Under Rule 30(b)(6), the corporation has the burden of preparing a designee so that he or she may give knowledgeable and binding answers for the corporation. Plaintiff's designation of all persons who have personal knowledge regarding a particular issue in response to the Rule 30(b)(6) notice of deposition is simply an attempt to avoid its obligation to prepare a designee to testify regarding each matter. Defendants should not be required to depose four or five witnesses to determine Capital Venture's position on a particular issue. Such a process would be unnecessarily expensive and would likely generate inconsistent testimony in response to the same question. It is difficult to imagine how defendants or the Court would then identify the corporate position, given that each of the four or five witnesses was offered to speak on behalf of the corporation.

For all of the foregoing reasons, plaintiff's motion for protective order is DENIED. Plaintiff shall, within five days of the date of this Order, revise its 30(b)(6) witness designations to identify one person to testify regarding each of the sixteen topics listed in the deposition notice.[1] If, upon review, it appears that one of the topics can be parsed into two or more discrete parts, plaintiff may identify a witness to testify about each discrete issue. For example, there may be a witness who is peculiarly suited to testify regarding the formation of Capital Ventures

---

[1] Regardless of the number of designees plaintiff chooses to identify, depositions taken in response to a Rule 30(b)(6) notice shall count as one deposition for purposes of Fed. R. Civ. P. 30(a)(2)(A).

ORDER DENYING PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER                -2-

1  and its relationship with Heights Capital Management Inc. and Susquehanna Financial Group,
2  LLP, but who cannot speak with confidence regarding plaintiff's present business operations.  In
3  such circumstances, two witnesses may be identified in response to topic #1, but plaintiff shall
4  specifically identify the issue(s) each witness will address.  Only one witness can be designated
5  to testify for the corporation on each discrete topic.  Failure to prepare the designee to testify on
6  the corporation's behalf regarding all matters known or available to the corporation on a
7  particular topic may result in sanctions under Fed. R. Civ. P. 37.

10         DATED this 8th day of May, 2006.

12                    /s/ Robert S. Lasnik
                      Robert S. Lasnik
13                    United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER                -3-