UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
CAPITAL VENTURES INTERNATIONAL,    )    No. C02-0682L
                                   )
        Plaintiff,                 )
                                   )    ORDER GRANTING IN PART
     v.                            )    PLAINTIFF'S MOTION FOR RELIEF
                                   )    FROM DEPOSITION LIMITS AND
NETWORK COMMERCE, INC., *et al.*,  )    DISCOVERY DEADLINE
                                   )
        Defendants.                )
_____)

This matter comes before the Court on "Plaintiff CVI's Motion to Permit Taking of Specified Depositions in Excess of Deposition Limit of Fed. R. Civ. P. 30(a)(2)(A)." Dkt. # 215. The parties have reached an agreement regarding one of the depositions plaintiff sought to take and another witness has agreed to provide informal discovery, leaving only the issue of whether plaintiff should be permitted to conduct four more depositions in this matter, in addition to the 15 fact witness depositions and three expert depositions already conducted/scheduled.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Plaintiff argues that it must be permitted to take the depositions of Jaime Lanegraff, Scott Uomoto, and Kim Garven because the original group of 15 deponents exhibited "startling failures of memory." Reply at 1. When deposed, many of NCI's high-level executives stated

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR RELIEF FROM DEPOSITION
LIMITS AND DISCOVERY DEADLINE

<mark>
</mark>

<mark>
</mark>

that they could not remember whether they had received a particular document or participated in a particular meeting more than five years ago. As far as the Court can discern, none of the deponents affirmatively contradicted the documentary evidence: they were simply unable to confirm the evidence based on their current independent recollections. Plaintiff asserts that this inability to remember is the result of a conscious litigation strategy under which defendants "close ranks and erect a wall of silence, dissimulation, and forgetfulness." Reply at 1. It is just as likely, however, that the witnesses do not remember particular actions and documents for the reasons stated in their depositions, namely that the commonplace nature of headcount analyses robbed the events of any special significance to the participants and that the passage of time has erased any independent recollection of those events. Without offering any reason to suppose that Lanegraff, Uomoto, or Garven would be able to offer additional testimony regarding the decision-making process that resulted in the relevant headcount reduction (other than a vague suggestion that these individuals are not part of the alleged conspiracy of silence), plaintiff apparently hopes to continue deposing former NCI employees until it finds someone who will confirm plaintiff's claim that the decision to cut NCI's workforce was made at a point in time when defendants had a duty to disclose it to plaintiff.

Prohibiting parties from taking deposition after deposition because the first ten (and in this case fifteen) witnesses did not say what the party hoped they would say is the purpose of the limitation imposed by Fed. R. Civ. P. 30(a)(2)(A). Plaintiff wants to ask the same questions of a new round of deponents and offers nothing but conjecture in response to defendants' claim of duplication. The 15 depositions already conducted, plus the written discovery propounded throughout this litigation, gave plaintiff ample opportunity to obtain the information now sought. In addition, the burden of conducting the three depositions outweighs

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR RELIEF FROM DEPOSITION
LIMITS AND DISCOVERY DEADLINE        -2-

the likely benefit that would result.[1]  Plaintiff's motion to depose Lanegraff, Uomoto, and Garven is denied.

(2) Plaintiff argues that it should be permitted to depose NCI under Fed. R. Civ. P. 30(b)(6) in order to fill the holes caused by the individual deponents' memory lapses and to authenticate documents.  With regards to most of the subjects set forth in the "Amended Notice of Deposition of Defendant Network Commerce, Inc. Pursuant to Fed. R. Civ. P. 20(b)(6)," plaintiff offers no explanation for its failure to choose the corporate defendant as one of its ten guaranteed deponents.[2]  Plaintiff seeks to question NCI regarding everything from its organizational structure to the use of CVI's $20 million investment.  These topics clearly could have been covered had plaintiff chosen NCI as one of its original deponents.  It did not.  Nor has

---

[1] The premise of plaintiff's motion, i.e., that the witnesses' responses are so wholly deficient that additional depositions are necessary, is not well-supported.  Plaintiff makes sweeping statements that are generally not borne out by the testimony cited:  for example, plaintiff asserts that Mr. Walker suffers from "blanks" in his recollection and implies that his failure to remember a spreadsheet entitled "Summary of Headcount Changes" is suspicious.  Motion at 4.  The only related citation to Walker's deposition testimony does not support either contention, however.  Mr. Savitt spent a considerable amount of time asking Walker broad questions regarding what he was "focused on" at the end of the third quarter and the beginning of the fourth quarter 2000.  Walker Dep. at 79-85.  In the absence of any documents or other aids to his memory, Walker testified that although he couldn't remember everything that was being considered in 2000, he was certainly thinking about Wall Street's expectations, customer satisfaction, and NCI's employees, all "the normal things" that an executive considers.  Walker Dep. at 79-80.  The witness' broad answers are not surprising or suspicious given the nature of the questions.  In the section of the transcript cited, Walker was not even asked to identify or discuss the "Summary of Headcount Changes," making it impossible to credit plaintiff's vague suggestion of bad faith.  Nor are plaintiff's complaints regarding a "wall of silence" justified by the other examples provided in their motion and reply.  In many instances counsel demanded interpretations of documents and/or admissions that the witnesses were simply not prepared to make (see, e.g., Koslow Dep. at 153-54) or rejected out of hand the possibility that memories regarding recurring issues fade over time (see, e.g., Arciniega Dep. at 150-53).  These "failures" on the part of the witnesses do not justify another round of depositions.

[2] The Court will assume, for purposes of this motion, that plaintiff was unable to formulate substantive questions when the first Rule 30(b)(6) deposition was taken in the midst of the electronic discovery disputes that arose in 2005.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR RELIEF FROM DEPOSITION
LIMITS AND DISCOVERY DEADLINE            -3-

plaintiff even attempted to show how the witnesses' inability to remember the 2000 reduction in force justifies the broad discovery described in the notice of deposition. To the extent that plaintiff seeks additional responses regarding the headcount reduction, it must live with its deposition choices for the reasons discussed above. Plaintiff will not be permitted to ask NCI what was said at the September 18th meeting or what Anne-Marie Frolich meant when she told a co-worker ". . . this is NOT to be discussed with ANYBODY." Most of the subjects identified in the Amended Notice of Deposition are targets gone by and plaintiff must present its case based on the documents and testimony it already has.

Plaintiff seeks to take NCI's deposition for another reason not asserted in connection with the Lanegraff, Uomoto, and Graven depositions. Plaintiff argues that the inability of individual deponents to remember basic facts regarding memoranda, e-mails, and correspondence puts the admissibility of these documents at risk. Although authenticity is a relatively low hurdle, plaintiff's concern is not unreasonable and it will, therefore, be permitted to depose NCI for the purpose of establishing the authenticity and admissibility of the documents produced in this litigation. Defendants shall "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf" in response to the subjects described in paragraphs 14 and 16 of the Amended Notice of Deposition. The corporation has the burden of preparing a designee so that he or she may give knowledgeable and binding answers for the corporation related to these subjects.[3]

For all of the foregoing reasons and in light of the agreement of the parties, it is

---

[3] Litigation often involves bankrupt parties. Defendants' contention that the bankruptcy of NCI somehow excuses it from having to respond to discovery requests is unsupported and unworkable. Any person who consents to testify on NCI's behalf and who has been properly prepared regarding the identified subjects can be presented as the 30(b)(6) representative. The mere participation of the corporate defendant as authorized by the bankruptcy court does not, contrary to defendants' argument, infringe its work product or attorney-client protections.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR RELIEF FROM DEPOSITION
LIMITS AND DISCOVERY DEADLINE            -4-

hereby ORDERED that:

- Brett Maxwell will not be permitted to testify at trial;
- Plaintiff's motion for leave to depose Jennifer Rogers is denied as moot in light of her willingness to provide informal discovery;
- Plaintiff's motion for leave to depose Jaime Lanegraff, Scott Uomoto, and Kim Graven is denied;
- Plaintiff's motion for leave to conduct a second deposition of defendant NCI under Rule 30(b)(6) is granted in part and denied in part as discussed above; and
- The parties shall cooperate in an effort to schedule the deposition of defendant NCI within ten days of the date of this order.

DATED this 14th day of June, 2006.

_/s/ Robert S. Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR RELIEF FROM DEPOSITION
LIMITS AND DISCOVERY DEADLINE            -5-